UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                                  Case No. 8:18-cv-1688-T-30CPT

SUN COAST MOTELS, INC.
d/b/a RIVERSIDE INN,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Verified Application for Attorney's Fees, Costs, Expert Witness Fees, and Litigation Expenses (Dkt. 14) and Defendant's Response in Opposition (Dkt. 15). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Plaintiff's motion should be granted in part and denied in part. Specifically, the Court will award Plaintiff $4,420.50 for attorney's fees, costs, and expert fees.

## BACKGROUND

On July 12, 2018, Plaintiff Patricia Kennedy filed this action under the Americans with Disabilities Act ("ADA") against Defendant Sun Coast Motels, Inc. d/b/a Riverside Inn. Her complaint alleged that Sun Coast was not in compliance with the ADA as it applies to places of public accommodation.

On September 17, 2018, Sun Coast filed its answer and affirmative defenses. About one week later, Sun Coast's counsel attempted to negotiate a settlement of this action to

avoid further litigation. The parties were able to reach a settlement and this Court entered a consent decree on or about November 15, 2018. The Court provided Kennedy thirty days to file her motion for attorney's fees. Kennedy's motion requests attorney's fees, costs, and litigation expenses in the total amount of $8,704.50.

## **DISCUSSION**

The ADA authorizes a court, in its discretion, to allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs. 42 U.S.C. § 12205. "In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the 'lodestar.'" *Ass'n of Disabled Ams. v. Neptune Designed, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

### A.     **Reasonable Hours**

First, the Court must determine the number of hours reasonably expended on the litigation. Kennedy's counsel, Philip Michael Cullen, III, has produced time records that reflect he worked a total of 18.3 hours on this case. Notably, Cullen has filed numerous ADA actions on behalf of Kennedy. As Sun Coast points out in its response, courts in this Circuit have routinely reduced fees when counsel prepares routine documents that have been filed in almost identical form in other cases. Sun Coast cites to several cases where the district courts reduced Cullen's hours—the reduction ranges from twenty percent to fifty percent. Upon review of these cases and Cullen's time records, the Court concludes that a

reduction of thirty-five percent is appropriate. *See Kennedy v. 5096 Forest Hill Investments, LLC*, No. 9:15-cv-81001 (S.D. Fla. Oct. 29, 2015) (reducing Cullen's requested fees by thirty-five percent). Accordingly, Cullen's hours will be reduced to 11.90 hours.

Cullen's paralegal's hours of 0.9 are reasonable and will not be reduced.

### B. Reasonable Hourly Rate

After determining the number of hours reasonably expended on the case, the Court must determine whether Cullen and his paralegal charged a reasonable hourly rate. "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (internal quotation marks omitted); *Ceres Environ. Servs., Inc. v. Colonel McCrary Trucking*, LLC, 476 Fed.Appx. 198, 202 (11th Cir. 2012).

Cullen seeks a rate of $420.00 per hour. His resume reflects that he has been practicing law for more than 30 years. Cullen cites to cases arising under the ADA in which judges determined that $420.00 per hour was a reasonable rate for his work. Notably, the defendants in these cases did not object to the hourly rate sought.

Here, Sun Coast objects to the hourly rate sought, citing a number of cases in which judges have found that $300.00 per hour is a reasonably hourly rate for Cullen in ADA litigation. Sun Coast's arguments and the cases it relies upon are persuasive. As Judge Presnell stated in *Larkin v. Envoy Orlando Holdings LLC*, No. 6:15–cv–439–Orl–31GJK, 2015 WL 12857079, at * 2 (M.D. Fla. Dec. 21, 2015), ADA litigation of this type "is not

complex litigation. It is essentially a form practice and no special skill is required." Accordingly, the Court reduces Cullen's hourly rate to $300.00 per hour.

Kennedy seeks $115.00 per hour for the work of Cullen's paralegal. Courts in this Circuit have found that $95.00 per hour is a reasonable rate for a paralegal working with Cullen in cases like this. *See, e.g., Harty v. Mal–Motels*, 2012 WL 6541873, at * 5, No. 6:10-cv-1333-Orl-28GJK, (M.D. Fla. Nov. 26, 2012); *Nat'l Alliance for Accessability, Inc. v. Hull Storey Retail Group, LLC*, No. 3:10-cv-778-J-34JBT, 2012 WL 3853520, at * 4 (M.D. Fla. June 28, 2012). Accordingly, the paralegal's hourly rate is reduced to $95.00 per hour.

### C. Lodestar

With an hourly rate of $300 for Cullen and hours expended at 11.90 and an hourly rate of $95 for the paralegal with hours expended at 0.9, Kennedy is entitled to recover attorney's fees in the amount of $3,655.50.

### D. Costs

The Court has reviewed Cullen's costs and concludes that $465 for the filing fee and service is recoverable pursuant to 28 U.S.C. § 1920.

### E. Expert Fees

Kennedy seeks $600.00 for the work of Daniel Pezza at an hourly rate of $200.00 but fails to demonstrate why Pezza should be compensated at the requested hourly rate. Pezza's resume or affidavit is not attached to the motion. And there is no explanation as to how Pezza's total fee of $600.00 is reasonable. Under these circumstances, the Court reduces Pezza's fee to $300.00. *See Gomez v. Lindeberg USA, LLC*, No. 16-22966-CIV-Williams,

2016 WL 9244732, at *3 (S.D. Fla. Oct. 18, 2016) (reducing the expert costs by fifty percent).

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Verified Application for Attorney's Fees, Costs, Expert Witness Fees, and Litigation Expenses (Dkt. 14) is granted in part and denied in part.

2. Plaintiff is entitled to attorney's fees, costs, and expert fees in the total amount of $4,420.50.

3. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $4,420.50 for attorney's fees, costs, and expert fees.

**DONE** and **ORDERED** in Tampa, Florida on December 21, 2018.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record